**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4782**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY STARKIE,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-cr-00128-FL-1)

───────────

Submitted: April 30, 2015           Decided: May 5, 2015

───────────

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Joshua W. Willey, Jr., MILLS & WILLEY, New Bern, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika S. Kotiya, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Starkie appeals his conviction and 300-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). Starkie argues that the district court erred by denying his motion to suppress, by finding that a first-degree kidnapping conviction qualified as a predicate felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and by finding that he possessed the firearm in connection with a crime of violence. We affirm.

Starkie's motion to suppress challenged the investigative stop that led to his arrest. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). A police officer may stop a person for investigative purposes when he has reasonable suspicion based on articulable facts "that criminal activity 'may be afoot.'" United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). "[R]easonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Whether there is reasonable suspicion to justify a stop depends on "the totality of the circumstances," including the information known to the officer and any

2

reasonable inferences to be drawn at the time of the stop. <u>Foster</u>, 634 F.3d at 246. A stop begins when the officer applies physical force or the defendant submits to a show of authority. <u>California v. Hodari D.</u>, 499 U.S. 621, 626 (1991).

The district court found, and Starkie does not contest on appeal, that the arresting officer was in a high-crime area at 11:00 p.m. on a hot, humid midsummer night when he saw Starkie, who was wearing a fully zipped winter coat and a winter hat. Starkie unsuccessfully attempt to open the door to a business and then talked to his brother, who was standing outside an idling car. When the officer hailed Starkie, Starkie moved to the other side of the car, hunched over, and appeared to fiddle with something in his waistband. The officer told Starkie to show his hands, but Starkie did not comply. The officer heard the sound of metal hitting the ground and scraping along it. The officer then told Starkie to put his hands on the car, and Starkie complied. Contrary to Starkie's contentions that the stop began the first time the officer told him to show his hands, we conclude that the stop began only when Starkie complied with the officer's request to put his hands on the car. <u>See</u> <u>id.</u> Because the officer's observations at this point were more than sufficient for the officer to reasonably suspect that criminal activity might be afoot, the district court properly denied the motion to suppress.

3

Starkie also challenges the calculation of his Sentencing Guidelines range. In assessing Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. White, 751 F.3d 225, 235 (4th Cir. 2014), cert. denied, 135 S. Ct. 1593 (2015). Starkie first argues that his conviction for first-degree kidnapping under N.C. Gen. Stat. § 14-39 does not qualify as a predicate offense under the ACCA because the statute under which he was convicted encompasses nonviolent kidnapping and there was no evidence that the particular kidnapping at issue involved violence.

We have noted that the North Carolina kidnapping statute can be violated in multiple ways. See United States v. Flores-Granados, __ F.3d __, __, 2015 WL 1652524, at *3 (4th Cir. Apr. 15, 2015) (No. 14-4249). Although courts typically apply the modified categorical approach when a statute is divisible, in Flores-Granados, we used the categorical approach to determine whether second-degree kidnapping under North Carolina law satisfied the generic definition of kidnapping. We used the categorical approach because there were no Shepard-approved[1] documents available in the record under review in Flores-

_____

[1] Shepard v. United States, 544 U.S. 13, 16 (2005) (setting forth documents courts may consider when applying modified categorical approach).

4

Granados.  Id. at *3-4; see id. at *8 (defining generic offense of kidnapping).

Applying the categorical approach, we held that, "because the North Carolina statute requires a specific nefarious purpose for conviction, even for second-degree kidnapping, it is well within [the generic] definition and as such, it is categorically a crime of violence [under the Guidelines]."[2]  Id. at *5, *9. Following Flores-Granados, we conclude that Starkie's first-degree kidnapping conviction qualifies categorically as a violent felony under the ACCA.  Thus, the district court did not err in classifying Starkie as an armed career criminal.

Starkie also argues that the district court erred in finding that he possessed the firearm in connection with a crime of violence—specifically, attempted armed robbery.  Although the parties dispute whether the Government established the commission of the offense by a preponderance of the evidence, we need not resolve the issue.  The evidence presented amply proved that Starkie possessed the firearm in connection with the offense of conspiracy to commit armed robbery.  See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (explaining that we may affirm for any reason apparent on face

---

[2] This Court applies the analysis under the Sentencing Guidelines interchangeably with the ACCA.  Flores-Granados, 2015 WL 1652524, at *2.

5

of record); see State v. Oliphant, 747 S.E.2d 117, 125 (N.C. Ct. App. 2013) (stating elements of conspiracy offense), review denied, 753 S.E.2d 677 (N.C. 2014). In addition to Starkie's suspicious behavior, a search incident to arrest revealed that Starkie had eyeholes cut into his hat and was carrying cotton gloves. We conclude that these facts are sufficient to prove by a preponderance of the evidence that Starkie conspired with his brother and his brother's girlfriend, who was driving the car, to commit armed robbery, and that he possessed the firearm in connection with this offense. Conspiracy to commit robbery is a crime of violence because it has the object of committing a violent crime. United States v. Ward, 171 F.3d 188, 193 (4th Cir. 1999). Accordingly, the district court did not err in applying the enhancement. See White, 771 F.3d at 235 (stating standard of review).

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6